ANTONIO COMELLA *vs.* GIUSEPPINA COMELLA.

DECEMBER 26, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

PER CURIAM. This is a bill in equity to establish complainant's alleged ownership of an undivided one half interest in certain realty the title to which was recorded in the name of the respondent, and to have the respondent declared to be a trustee for complainant's benefit to the extent of that interest. After a hearing in the superior court on bill, answer, replication and proof, a final decree was entered declaring the complainant to be the owner of an undivided one half interest in the described realty and the respondent to be a trustee for his benefit to the extent of such interest. The cause is before us on the respondent's appeal from that decree.

The reasons of appeal now pressed are, substantially, that the decree is against the law, the evidence, and the weight thereof. The respondent contends that the decree is against the law because "the trial justice gave the complainant equitable relief solely upon the theory that a trust resulted for his benefit to the extent of one half the value of the property based upon 'his contribution' to the monies put into the house." This contention assumes that the decree granted relief solely upon the basis of a resulting trust. Nothing in the decree, however, discloses what kind of a trust was intended to be imposed thereby. On this matter the decree merely says: "1. That said Respondent, Giuseppina Comella is hereby declared to be a trustee for said complainant . . . of an undivided one-half interest to the real estate herein described and now standing in the name of Giuseppina Comella . . . ."

In order to pass upon this contention, therefore, we are compelled to look for the necessary information in the decision, which was rendered from the bench at the conclusion of the hearing and appears in the transcript. If this report contains all the findings and decision of the trial justice, there is no express reference to a resulting trust or to any particular type of trust. There is language, however, which

might support the respondent's inference and contention that such a trust was the sole basis of the decision. But there is also other language in the decision which, considered with the somewhat peculiar allegations and specific prayers of the bill, throws some doubt upon that inference and leaves us uncertain as to what kind of trust was intended to be imposed.

The respondent goes further and contends vigorously that the sole basis given for the imposition of a "resulting trust" was the trial justice's express finding "that the husband made his contribution *subsequent* to the time that respondent's monies went into this property." She contends that a resulting trust would require a finding of payment at the time of the purchase of the lots and that any subsequent contribution would not in law justify the imposition of such a trust.

To support this assertion, respondent relies upon the following language in the decision of the trial justice: "So, taking the widely divergent stories here, my conclusion is that both these people worked hard for these two lots of land and this house, and that while the wife may have had certain monies when she married this man and while those monies may have been put into the house, I think subsequent to that time this man made his contribution."

If the only reasonable interpretation of this quoted language and its context were as the respondent contends, we could now consider this part of respondent's contention, assuming of course that the cause was tried and decided upon the theory of a resulting trust. However, there are several different times referred to in the above-quoted sentence. Having also in mind language elsewhere in the decision, we are not certain of the time to which the trial justice intended to refer when he said: "I think *subsequent to that time* this man made his contribution." (italics ours)

The respondent further contends, in substance, that the decree is against the evidence because the alleged resulting trust was not established by clear and convincing evidence. Here again the contention involves a consideration of the

theory and facts forming the basis of the decree and decision. Moreover, if the respondent is correct in her interpretation of such decision and the ultimate findings of fact relied on, it would be helpful to us if we knew whether the trial justice reached his decision upon the basis that the evidence was clear and convincing. There is no express reference thereto in the decision.

In the peculiar circumstances, therefore, we are not certain from the decision as reported what particular type of trust was intended to be imposed in the decree, nor what particular ultimate facts were relied upon, nor what rule of law was applied to the evidence in reaching the conclusion and in granting the relief.

Were we to decide this appeal on the record as it now stands, final decision might be made upon an interpretation of the decree which might be wholly inconsistent with the trial justice's actual decision. In order to pass upon the respondent's contentions, without assuming or speculating upon the correctness of her interpretation of the decree and decision, we are of the opinion that the cause should be remanded to the superior court for clarification and completion of the report of the decision, thus supplying the information above indicated; and for the entry of a decree accordingly, from which an appeal, if desired, could be taken.

For that reason, the appeal is sustained, the decree appealed from is reversed without prejudice, and the cause is remanded to the superior court for further proceedings in accordance with this rescript.

*Ralph Rotondo, Luigi Capasso,* for complainant.

*Benjamin Cianciaruolo, Aram Arabian,* for respondent.